UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
FRANK A. CASTIGLIONE,

                          Plaintiff,              05-CV-0677

               v.                                 **DECISION**
                                                  **and ORDER**
MICHAEL J. ASTRUE[1], Commissioner
of Social Security

                          Defendant.
_____

## INTRODUCTION

Plaintiff Frank A. Castiglione ("Plaintiff") brings this action pursuant to the Social Security Act § 216(I) and § 223, seeking review of a final decision of the Commissioner of Social Security ("Commissioner"), denying his application for Disability Insurance Benefits under title II.[2] Specifically, Plaintiff alleges that the decision of the Administrative Law Judge ("ALJ") Nancy Lee Greg denying his application for benefits was against the weight of substantial evidence contained in the record and contrary to applicable legal standards.

The Commissioner moves for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c)("Rule 12©"), on grounds that the ALJ's

_____

[1]

 Michael J. Astrue became the Commissioner of Social Security on February 12, 2007. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue is substituted for his predecessor Commissioner JoAnne B. Barnhart as the proper defendant in this suit.

[2] This case was transferred to the undersigned by the Honorable Richard J. Arcara, Chief Judge, United States District Court for the Western District of New York by Order dated July 13, 2007.

decision was supported by substantial evidence. Plaintiff opposes the Commissioner's motion, and cross-moves for judgment on the pleadings, on grounds that the Commissioner's decision was erroneous. The Court finds that the decision of the Commissioner for the reasons set forth below, is supported by substantial evidence, and is in accordance with applicable law and therefore the Commissioner's motion for judgment on the pleadings is hereby granted.

## BACKGROUND

On February 5, 2002, Plaintiff, at that time a 34 year-old construction laborer, filed an application for Disability Insurance Benefits under title II, § 216(I) and § 223 of the Social Security Act ("the Act") claiming a disability since March 1, 2001, due to fibromyalgia, insomnia, low back pain, and tremors in both legs. Plaintiff's application was denied by the state agency for the Social Security Administration ("the administration") on May 20, 2002, and the administration concluded that Plaintiff was capable of performing medium work despite his impairments. Plaintiff filed a timely request for hearing on May 29, 2002. Thereafter, Plaintiff appeared, with counsel, in an administrative hearing before ALJ Nancy Lee Greg which took place on January 12, 2004 and at a supplemental hearing on January 4, 2005. In a decision dated April 21, 2005, the ALJ found that Plaintiff was not disabled within the meaning of the Social Security Act.

Page -2-

The ALJ's decision became the final decision of the Commissioner when the Social Security Appeals Council denied Plaintiff's request for review on July 23, 2005. On September 22, 2005, Plaintiff filed this action.

## DISCUSSION

### I.   Jurisdiction and Scope of Review

42 U.S.C. § 405(g) grants jurisdiction to district courts to hear claims based on the denial of Social Security benefits. Additionally, the section directs that when considering such a claim, the Court must accept the findings of fact made by the Commissioner, provided that such findings are supported by substantial evidence in the record. Substantial evidence is defined as, "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Consolidated Edison Co. v. NLRB, 305 U.S. 197, 217 (1938). Section 405(g) thus limits the Court's scope of review to determining whether or not the Commissioner's findings were supported by substantial evidence. See, Monqeur v. Heckler, 722 F.2d 1033, 1038 (2d Cir. 1983) (finding that a reviewing Court does not try a benefits case de novo). The Court is also authorized to review the legal standards employed by the Commissioner in evaluating Plaintiff's claim.

The Court must "scrutinize the record in its entirety to determine the reasonableness of the decision reached." Lynn v. Schweiker, 565 F. Supp. 265, 267 (S.D. Tex. 1983) (citation

omitted). The Commissioner asserts that his decision was reasonable and is supported by the evidence in the record, and moves for judgment on the pleadings pursuant to Rule 12©. Judgment on the pleadings may be granted under Rule 12© where the material facts are undisputed and where judgment on the merits is possible merely by considering the contents of the pleadings. <u>Sellers v. M.C. Floor Crafters, Inc.</u>, 842 F.2d 639 (2d Cir. 1988). If, after a review of the pleadings, the Court is convinced that Plaintiff can prove no set of facts in support of his claim which would entitle him to relief, judgment on the pleadings may be appropriate. <u>See</u> <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957).

## II.   **The Commissioner's decision to deny the Plaintiff benefits was supported by substantial evidence in the record.**

The ALJ in her decision found that Plaintiff was not disabled within the meaning of the Social Security Act. The ALJ adhered to the Social Security Administration's 5-Step sequential evaluation analysis for evaluating appointments for disability benefits. <u>See</u> 20 C.F.R. § 404.1520.[3] Under Step 1 of the process, the ALJ found that Plaintiff had not engaged in substantial gainful activity since his alleged disability onset date. (Transcript of

[3]Five-step analysis includes: (1) ALJ considers whether claimant is currently engaged in substantial gainful activity; (2) if not, ALJ considers whether claimant has severe impairment which significantly limits his physical or mental ability to do basic work activities; (3) if claimant suffers such impairment, third inquiry is whether, based solely on medical evidence, claimant has impairment which is listed in regulations Appendix 1, and if so, claimant will be considered disabled without considering vocational factors; (4) if claimant does not have listed impairment, fourth inquiry is whether, despite claimant's severe impairment, he has residual functional capacity to perform his past work; and (5) if claimant is unable to perform past work, ALJ determines whether claimant could perform other work. <u>See</u> <u>id.</u>

Administrative Proceedings at pages 17, 30) (hereinafter "T.").

At Steps 2 and 3, the ALJ found that Plaintiff had non-severe impairments such as sacralized L5 vertebrae, a history of borderline hypertension, and an anxiety disorder. However, the ALJ concluded that Plaintiff's impairments, such as, dehydration of the cervical spinal discs from C2-3 to C6-7, mild facet hypertrophy at L3-4 and L4-5, significant stenosis, myofascial pain syndrome (fibromyalgia), Epstein-Barre virus, insomnia and hypochondriasis, which were severe within the meaning of the Regulations, were not severe enough to meet or equal, either singly or in combination, any of the impairments listed in Appendix 1, Subpart P of Regulations No. 4. (T. at 19, 30).

Further, at Steps 4 and 5, the ALJ concluded that Plaintiff retained the residual functional capacity to perform a significant range of light as well as sedentary work. (T. at 28-29, 31). The ALJ found that Plaintiff was able to lift, carry, push and pull up to 20 pounds occasionally and 10 pounds frequently; stand and/or walk for at least two hours but less than six hours in an eight-hour workday, with normal breaks; and occasionally climb stairs and ramps, balance, kneel and stoop. (T. at 27, 31). Additionally, the ALJ found that Plaintiff was unable to crouch and crawl, could only reach for something occasionally and needed to avoid temperature extremes and extremes of humidity/wetness. (T. at 27, 31). Moreover, the ALJ found that Plaintiff was able to understand and

follow simple directions and instructions, perform simple rote tasks under supervision, maintain attention and concentration for such tasks, make appropriate decisions, consistently perform simple tasks and demonstrate the ability to learn new tasks. (T. at 27, 31).

Further, the ALJ found that Plaintiff's past work as a construction laborer exceeded the exertional requirements of his residual capacity and therefore, Plaintiff could not perform his past relevant work. (T. at 28). However, the ALJ concluded that Plaintiff had the residual functional capacity of performing significant ranges of light work as well as sedentary work existing in the national economy. (T. at 29-31).

Based on the entire record, and including the medical evidence in the record, I find that the ALJ properly concluded that Plaintiff was not disabled within the meaning of the Social Security Act.

### A. **The ALJ properly evaluated the medical opinions in the record.**

The ALJ properly relied upon substantial objective evidence as well as Plaintiff's subjective complaints, in weighing the opinions of Plaintiff's physicians. The ALJ primarily relied upon the opinion by Plaintiff's treating pain specialist, Dr. Eugene Gosy, and afforded little weight to the opinion of Plaintiff's treating family practitioner, Dr. Lynn Ross.

The Social Security regulations require that, a treating

physician's opinion will be controlling if it is "well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record." 20 C.F.R. § 404.1527(d)(2). The ALJ gave little weight to Dr. Ross' opinion because it was inconsistent with other substantial evidence as well as Dr. Gosy's opinion contained in the record. (T. at 25).

On January 9, 2004, Dr. Ross completed a medical assessment of Plaintiff's capacity to perform work-related activities. (T. at 467-70).[4] Dr. Ross indicated that Plaintiff's capacity to lift/carry was affected by tenderness along his spine and Plaintiff was limited to lifting/carrying less than ten pounds. (T. at 467). Dr. Ross found that due to the disc space narrowing at L5-S1, Plaintiff could not stand/walk without interruption but could stand/walk for one hour in an eight-hour day. (T. at 468). Additionally, Dr. Ross found that Plaintiff was able to sit without interruption for one hour, and for two hours in an eight-hour work day but, could never climb, stoop, crouch, kneel or crawl. (T. at 468-69).

Further, in an opinion dated July 20, 2004, Dr. Ross found that Plaintiff was capable of lifting/carrying less than 10 pounds and was capable of standing/walking for 15 minutes at one time and

---

[4]The Court notes that there is an inconsistency as to when Plaintiff was examined by Dr. Ross. Dr. Ross' signed examination report dates January 9, 2004 however, the social security administration's stamp indicates a date of December 9, 2003.

two hours during an eight-hour workday. (T. at 505). Moreover, Dr. Ross indicated that Plaintiff was capable of sitting for two hours at a time, and was capable of sitting for less than six hours in an eight-hour workday.

Dr. Ross also authored a note on July 21, 2004, in which she stated that Plaintiff had fibromyalgia, chronic fatigue syndrome, severe insomnia, and arthritis, with symptoms of these conditions constantly on a daily basis. (T. at 538). However, contrary to Plaintiff's suggestion, Dr. Ross did not mention fatigue or chronic fatigue syndrome as the reasons for Plaintiff's functional limitations. (T. at 542-44). Moreover, in her note, Dr. Ross stated that Dr. Gosy was treating Plaintiff for pain and Dr. Ross' office was treating Plaintiff for his sleep disorder.

The ALJ gave little weight to both of Dr. Ross' medical examinations because she found them contrary to Plaintiff's subjective beliefs that were reflected in Dr. Ross' examination, as well as other objective medical evidence. Plaintiff saw Dr. Gosy, who specializes in neurology and pain management, on July 17, 2004. (T. at 498-501). Dr. Gosy found that Plaintiff was capable of lifting/carrying 20 pounds occasionally and 10 pounds frequently, and was capable of standing/walking for at least two hours in an eight-hour workday. (T. at 498). Dr. Gosy also found that Plaintiff was capable of sitting for about six hours in an eight-hour workday and that his capacity to pull/push was not affected by his

impairment, and Plaintiff could occasionally climb, balance, kneel, and stoop, but Plaintiff could not crouch or crawl. (T. at 499).

Further, the record shows that Plaintiff had received medication from Dr. Gosy's pain treatment center on at least five occasions prior to his July 17, 2004 examination. (<u>See</u> T. at 510-20). In light of the medical evaluations of Dr. Ross and Dr. Gosy, I find that the ALJ properly gave less weight to Dr. Ross' opinion and gave controlling weight to Dr. Gosy's opinion. Dr. Gosy treated Plaintiff for his functional limitations due to pain, and therefore, was better equipped to opine on limitations caused by Plaintiff's fibromyalgia.

**B.** **The ALJ properly evaluated Plaintiff's subjective complaints.**

Plaintiff contends that severe fatigue was the primary basis for his disability and argues that the ALJ did not properly assess his subjective complaints regarding fatigue. (Pl. Br. at 9). The Social Security Regulations provide that an ALJ cannot reject allegations of symptomatology on the basis of lack of objective findings. However, I find that the ALJ has rejected Plaintiff's allegations not only because they lack objective findings but because they are not fully credible. The ALJ concluded that the "[Plaintiff's] allegations concerning the nature, extent, persistence and duration of his impairments . . . and inability to work are simply not fully credible." (T. at 27).

When Plaintiff initially applied for Social Security benefits,

he told the Social Security administration that he was disabled due to fibromyalgia, insomnia, low back pain, and tremor in both legs. (T. at 111). Plaintiff did not mention chronic fatigue syndrome and did not mention fatigue as a primary basis for his disability. (T. at 111). Additionally, during his first hearing on January 12, 2004, Plaintiff's attorney claimed that Plaintiff was disabled due to fibromyalgia and also had chronic insomnia and Epstein-Barre syndrome which might be consistent with fibromyalgia. (T. at 612). Plaintiff's attorney also mentioned that Plaintiff had a diagnosis of chronic fatigue syndrome however, did not mention anywhere that the chronic fatigue syndrome was the cause of Plaintiff's disability. (T. at 612).

The Social Security Regulations state that the ALJ is required to determine the intensity and persistence of the symptoms that a plaintiff alleges to be caused by his impairment. 20 C.F.R. § 404.1529©. The regulations state that one of the factors to be considered by the ALJ, are functional limitations mentioned by the plaintiff's treating or examining physicians. 20 C.F.R. § 404.1529(c)(1).

I find that the ALJ adhered to the regulations in finding that Plaintiff did have some impairments that could cause his complaints. However the severity of these impairments was consistent with Dr. Gosy's assessment of Plaintiff's condition in determining that the Plaintiff was not disabled. The ALJ,

therefore, correctly found that the medical evidence was inconsistent with Plaintiff's subjective complaints and he was not disabled within the meaning of the act. That finding was supported by substantial evidence in the record.

**C.** **This case does not need to be remanded based on new evidence.**

The Social Security Regulations provide that a Court may order the Commissioner to consider additional evidence, "but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g). Moreover, the Second Circuit has defined "material evidence" as requiring reasonable probability that the new evidence would have influenced the ALJ to decide the Plaintiff's application differently. Jones v. Sullivan, 949 F.2d 57, 60 (2d Cir. 1991).

Dr. Gosy wrote a letter on August 26, 2005 stating that he was treating Plaintiff for fibromyalgia, and that Plaintiff also had chronic fatigue syndrome which might result in additional limitations. (Pl. Br. at 10-12). Plaintiff introduced this letter as new evidence and claimed that the letter was material to the outcome of the case. However, Dr. Gosy had always treated Plaintiff for his fibromyalgia and therefore, this new evidence does not contradict Dr. Gosy's previous assessment of Plaintiff's condition.

I find that the outcome of this case would not be different had Dr. Gosy's letter been part of the record below. The ALJ

correctly analyzed all of Dr. Gosy's medical evaluations in holding the Plaintiff was not disabled within the meaning of the Social Security Act.

## CONCLUSION

For the reasons set forth above, I grant Commissioner's motion for judgment on the pleadings. Plaintiff's motion for judgment on the pleadings is denied, and Plaintiff's complaint is dismissed with prejudice.

ALL OF THE ABOVE IS SO ORDERED.


S/Michael A. Telesca

_____

MICHAEL A. TELESCA
United States District Judge


Dated:    Rochester, New York
          July 19, 2007